

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-15-00392-CR**
**NO. 02-15-00393-CR**

JAMES DEWAYNE HOLLIS                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1363635D, 1363636D

----------

## MEMORANDUM OPINION[1]

----------

On October 15, 2015, as part of a plea-bargain agreement, Appellant James Dewayne Hollis pleaded guilty to possession of between 4 and 200 grams of methamphetamine and to forgery. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010); Tex. Penal Code Ann. § 32.21 (West 2011). In accordance with the agreement, the trial court sentenced Hollis to five years'

---

[1]*See* Tex. R. App. P. 47.4.

confinement for each offense, to be served concurrently. The trial court certified in both cases that Hollis had no right to appeal. *See* Tex. R. App. P. 25.2(a)(2).

On October 22, 2015, Hollis filed pro se notices of appeal in the trial court. *See* Tex. R. App. P. 25.2(c), 26.2. On October 27, we notified Hollis that the trial court had certified that he had no right to appeal and that we would dismiss the appeals unless Hollis or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals no later than November 6. *See* Tex. R. App. P. 25.2(d), 44.3. Hollis responded, but he only asked for a ninety-day extension to file his "appeal brief."

The record does not show that Hollis's sentences exceeded the State's recommendations, that he desires to appeal a matter that was raised by written motion filed and ruled on before trial, or that the trial court granted him permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). Although Hollis has requested an extension to file a brief on the merits, he has not shown cause to continue his appeals in light of the trial court's certifications. Thus, in accordance with the trial court's certifications, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 3, 2015

3